Motion Hearing Date: _____ __, 2021 at __:__ _.m., prevailing Eastern time
Deadline to File Objections: _____ __, 2021 at 5:00 p.m., prevailing Eastern time

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for Alan Nisselson, Interim Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Attorneys appearing:   Alan Nisselson (anisselson@windelsmarx.com)
                       Leslie S. Barr (lbarr@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MEDICI 326 GRAND LLC,<br><br>                    Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10073-jlg |
| In re<br><br>MEDICI 1150 N. AMERICAN STREET LLC,<br><br>                    Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10074-jlg |
| In re<br><br>MEDICI 171 N. ABERDEEN LLC,<br><br>                    Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10075-jlg |
| In re<br><br>MEDICI 186 N. 6TH LLC,<br><br>                    Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10076-jlg |
| In re<br><br>MEDICI 251 DEKALB LLC,<br><br>                    Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10077-jlg |
| In re<br><br>MEDICI 320 FLORIDA LLC,<br><br>                    Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10078-jlg |

{11887595:3}

| | |
|---|---|
| In re<br><br>MEDICI 629 E. 5TH LLC,<br><br>        Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10079-jlg |
| In re<br><br>MEDICI 890-911 JEFFERSON AVENUE LLC,<br><br>        Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10080-jlg |
| In re<br><br>QUARTERS PROPERTIES USA, INC.,<br><br>        Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10081-jlg |
| In re<br><br>QUARTERS SERVICES USA, LLC,<br><br>        Debtor. | <u>Chapter 7</u><br><br>Case No. 21-10082-jlg |

**MOTION OF TRUSTEE FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), AND 707(a) DISMISSING DEBTORS' BANKRUPTCY CASES FOR CAUSE**

**TO THE HONORABLE JAMES L. GARRITY, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

   Alan Nisselson ("***Trustee***"), interim trustee for the above-captioned related chapter 7 Debtors, by his attorneys, Windels Marx Lane & Mittendorf, LLP, respectfully submits this Motion for the entry of an Order dismissing the Debtors' captioned chapter 7 bankruptcy cases for cause.[1]  In support of this Motion, the Trustee has filed his supporting Declaration, and respectfully represents the following.

          **I.  Preliminary Statement.**

   1.  The Trustee cannot administer these cases in their present posture.  The Debtors were in the business of leasing primarily residential real properties (apartments) all over the

---

[1] These ten related cases were filed on January 15, 2021, but are not jointly administered.  Accordingly, the Trustee is filing this Motion in each case.

{11887595:3}         2

country,[2] and subleasing them to individuals, some of them students. Debtors' counsel informed the Trustee that the Debtors did not make a profit before the Covid-19 pandemic, and their finances deteriorated badly thereafter. Since his appointment, the Trustee has received and is continuing to receive numerous calls and emails from desperate tenants, who are either moving out and are demanding the return of their security deposits, or moving in and demanding keys and access. Landlords are also calling and writing to demand lease payments, some of them for hundreds of thousands of dollars per month. In addition, service providers to the Debtors apparently have been unpaid and are writing and calling for money due them as well. The Trustee has been informed that there is less than $17,000 in cash to pay the landlords, service providers or creditors, an amount clearly insufficient to administer these cases. Neither is there any information available to respond to any tenants. The Trustee understands there may be $3 million in security deposits held by the Debtors. The Trustee has not received sufficient information about the security deposits, the amounts owed to any of the parties making security deposits, or the status of any demands for the return of the security deposits. The Debtors have not filed schedules of assets and liabilities yet, and the Trustee does not have the leases, subleases, security deposits, keys, or any other documents or records necessary to respond. And even if he did, the Trustee does not have the resources or expertise to operate the Debtors' business. Furthermore, Debtors' counsel stated that all of the records and documents are kept on the computer servers of the parent companies, which are located in Germany, and which are in German liquidation proceedings. The Trustee has no information about those proceedings either, and is therefore unable to access the Debtors' records. Due to these dire circumstances, these Debtors do not belong in a chapter 7 bankruptcy. Dismissal will serve the best interests of all parties because the automatic stay will be terminated, which will permit the Debtors to return

---

[2] Debtors' counsel advised that the Debtors have leased property in Manhattan, Brooklyn, Philadelphia,

{11887595:3}                                     3

security deposits and keys, and allow the landlords to pursue their rights under their respective leases and subleases. There are insufficient resources to administer these cases. No purpose is served by sustaining bankruptcy cases that prevent people from living their lives, while the Debtors accrue enormous administrative debt without any hope of payment. These cases should be dismissed immediately.

### II.    Jurisdiction; Venue; Statutory Bases for Relief.

2. The Court has jurisdiction of this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue of this case and of this motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a) and 305(a)(1) and 707(a) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Federal Rules of Bankruptcy Procedure 1017 and 9014. The request for relief herein is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### III.    Factual Background.

3. The Court and parties are respectfully referred to the Trustee's Declaration filed with this Motion for a recitation of the facts known to the Trustee.

### IV.    Dismissal is Warranted Under Bankruptcy Code § 305(a).

4. Pursuant to Bankruptcy Code § 305(a)(1), "[t]he court, after notice and a hearing, may dismiss a case under this title… at any time if - the interests of creditors and the debtor would be better served by such dismissal…". 11 U.S.C. § 305(a)(1).

5. This Court has considered the following factors in rendering an abstention decision under Section 305(a):

---

Chicago, and Washington D.C.

    1) The economy and efficiency of administration;

    2) Whether another forum is available to protect the interests of both parties or there is already a pending proceeding in a state court;

    3) Whether federal proceedings are necessary to reach a just and equitable solution;

    4) Whether there is an alternative means of achieving an equitable distribution of assets;

    5) Whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;

    6) Whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and

    7) The purpose for which bankruptcy jurisdiction has been sought.

*In re TPG Troy, LLC*, 492 B.R. 150, 160 (Bankr. S.D.N.Y. 2013) (quoting *In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 464-65 (Bankr. S.D.N.Y. 2008) (citing cases)). "While all factors are considered, not all are given equal weight in every case." *Id.* at 160 (quoting *In re Monitor* at 465. "The decision to abstain under § 305(a)(1) should be made on a case-by-case basis." *Id.* (citations omitted). Courts have abstained to § 305(a)(1) in circumstances including "where there was an absence of a proper purpose for filing a bankruptcy". *In re Monitor* at 464 (citing the dismissal of a voluntary bankruptcy case in *In re Duratech Indus., Inc.*, 241 B.R. 291, 300 (Bankr. E.D.N.Y. 1999) where no meaningful role existed for the Bankruptcy Court given that a dispute between debtor and creditor in another forum would resolve the bankruptcy case); this Court has also held that dismissal was warranted under § 305(a)(1), in part, where "the

appointment of a trustee will yield no benefit to creditors." *See*, *In re Audio Visual Workshop, Inc.*, 211 B.R. 154, 165 (Bankr. S.D.N.Y. 1997).

6. The facts of the instant case as set forth above and in the Nisselson Declaration require a dismissal under § 305(a)(1). This case does not belong before the Bankruptcy Court, its dismissal will benefit both the Debtors and their creditors, and the appointment of the Trustee does not confer any benefit on the creditors. The Trustee fundamentally lacks the sufficient information and resources that are required to administer the Debtors' cases, and as best as the Trustee can determine, there is no possibility of correcting these circumstances. The Trustee has no information about any German liquidation proceedings to parent(s) of these Debtors, and is wholly unable to access the Debtors' records. These dire circumstances make clear that these Debtors do not belong in a chapter 7 bankruptcy. Dismissal will serve the best interests of all parties because the automatic stay will be terminated, which will permit the Debtors to return security deposits and keys, and allow the landlords to pursue their rights under their respective leases and subleases. No purpose is served by sustaining bankruptcy cases that prevent people from living their lives, especially during an ongoing pandemic, while the Debtors accrue enormous administrative debt without any hope of payment. These cases should be dismissed immediately.

### V.     Dismissal is Warranted under Bankruptcy Code § 707(a).

7. Bankruptcy Code § 707(a) provides for dismissal of a chapter 7 case "for cause" and provides three non-exhaustive examples. 11 U.S.C. § 707(a)(1)-(3); see also, *In re 82 Milbar Blvd Inc.*, 91 B.R. 213, 221 (Bankr. E.D.N.Y. 1988) (citing legislative history to make clear that examples are non-exhaustive). The bankruptcy court must engage in case-by-case analysis in determining whether sufficient cause is present to warrant dismissal, taking into account the

interests of both the debtor and the creditors. *See*, *In re Dinova*, 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997).

8. "Taking into account the interests of both the debtor and the creditors, dismissal is appropriate when a trustee is unable to effectively administer the estate." Courts have found such circumstances in circumstances including: where estate funds were not sufficient to continue operation of debtor's nursing home property, *In re 30 Hilltop Street Corp.*, 42 B.R. 517 (Bankr. D. Mass. 1984); and where the trustee lacked sufficient information and resources to administer a case; *In re Moses*, 227 B.R. 98, 101 (E.D. Mich 1996) (referencing and quoting its earlier decision in this case, 792 F. Supp. 529, 538 (E.D. Mich. 1992) to make clear that "dismissal [under § 707(a) is appropriate where the lack of necessary information 'preclude[s] a fair and effective administration of the estate"). Concerns for public safety have also warranted dismissal. *In re Charles George Land Reclamation Trust*, 30 B.R. 918 (Bankr. D. Mass. 1983) (§ 707(a) dismissal where continued operation of the debtor's hazardous facility was a threat to public safety). Debtors' failures to cooperate with the trustee's administration have also been held to warrant dismissal. *See*, *In re Import Toy Sales*, 41 B.R. 784 (Bankr. S.D. Fla. 1984) (§ 707(a) dismissal warranted where corporate debtor was unable to appear for examination due to hospitalization of its principal officer); *In re Warner*, No. 10-20997, 2011 WL 6140856, at *4 (Bankr. N.D. Ohio Dec. 9, 2011); *see*, *In re Miller*, No. 17-60023, 2018 Bankr. 643, at **15-16 (Bankr. N.D.N.Y. Mar. 8, 2018) (dismissing case under § 707(a) where debtor failed to fulfill statutory duties, provide information, and cooperate with trustee which prevented trustee from effectively administering bankruptcy estate); *In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (dismissing case for cause under § 707(a) where trustee was unable to administer estate, and auditor was not able to audit, because of debtor's failure to cooperate, provide recorded information, and appear for a 341 creditors meeting); *In re Peklo*, 201 B.R. 331, 334 (Bankr. D.

{11887595:3}    7

Conn. 1996) (case dismissed where debtor invoked Fifth Amendment privilege and refused to cooperate with trustee).

9. The circumstances that led to the emergency dismissal of the chapter 7 case in *In re 30 Hill Top* are of particular relevance to the present case. In that case, the trustee was unable to operate debtor's nursing home in compliance with state law because there were no funds in the estate to correct numerous deficiencies as cited by the state's department of public health. 42 B.R. at 521. Moreover, irrespective of taking such corrective measures, the trustee did not even have funds to continue paying costs of operation "even in a Chapter 7 liquidation posture." *Id.* The bankruptcy court determined that the general unsecured creditors of the debtor would not be prejudiced by a dismissal because there was no possibility of any dividend to them. *Id.* The court held that the case was incapable of being administered as a bankruptcy case and granted the emergency dismissal since the state would not appoint a receiver to operate the facility absent a dismissal, and thus such a course of action was the sole remedy that would protect the health and safety of the debtor's clients. *Id.* The court recognized:

> The Commonwealth [of Massachusetts] seeks to foist upon this impecunious trustee the responsibility of the approximately eighty-five patients for apparently an unlimited duration, when he is not only unable to pay the costs of operation (even in a winddown posture) but is acting as a volunteer. Indeed, the Commonwealth now threatens the trustee personally with a law suit. The Commonwealth seeks to impose an impossible burden on the Chapter 7 trustee.

*Id.* at 521-22.

### VI.    Equity Also Requires Dismissal of the Debtors' Cases.

10. This Court has authority under Bankruptcy Code § 105(a) to dismiss a bankruptcy case: "it is within the authority and the discretion of the bankruptcy court to issue 'any order … that is necessary or appropriate to carry out the provisions' of the Bankruptcy Code." *In re Taub*, 427 B.R. at 221 (quoting 11 U.S.C. § 105(a)); *see also, Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 680 (2d Cir. 2003) ("The equitable power conferred

on the bankruptcy court by section 105(a) is the power to exercise equity in carrying out the *provisions* of the Bankruptcy Code") (internal quotations omitted). Equity requires dismissal of the Debtors' cases.

11. Allowing these Debtors to remain in chapter 7 serves no purpose.

### VII. No Prior Request; Conclusion.

12. No prior request for the relief sought in this Motion has been made to this or any other Court. For the reasons stated above, the Trustee respectfully requests that the Court enter an Order dismissing the Debtors' bankruptcy cases pursuant to Bankruptcy Code §§ 105(a), 305(a), and 707(a).

**WHEREFORE**, the Trustee respectfully requests that the Court enter Orders granting this Motion and such other and further relief as is just.

Dated: New York, New York         WINDELS MARX LANE & MITTENDORF, LLP
       January 23, 2021           *Attorneys for Alan Nisselson, chapter 7 Trustee*

                                  By:   */s/ Leslie S. Barr*
                                        Alan Nisselson (anisselson@windelsmarx.com)
                                        Leslie S. Barr (lbarr@windelsmarx.com)
                                        156 West 56th Street
                                        New York, New York 10019
                                        Tel: (212) 237-1000 / Facsimile: (212) 262-1215