**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re: :
 :  Chapter 7
MEDICI 1150 N AMERICAN STREET LLC, : Case No. 21-10074 (JLG)
 :
            Debtor. :
------------------------------------------------------------ x

**STIPULATION AND AGREED ORDER GRANTING RELIEF FROM**
**AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

This Stipulation and Agreed Order (the "Stipulated Order") is made between 1201 Callowhill Associates, LP ("Callowhill") on the one hand and Salvatore LaMonica (the "Trustee") acting in his capacity as Chapter 7 Trustee of the bankruptcy estate of Medici 1150 N. American Street LLC (the "Debtor") on the other (Callowhill and the Trustee are hereinafter collectively referred to as the "Parties"), acting through their undersigned counsel, and is subject to approval of the United States Bankruptcy Court for the Southern District of New York (the "Court").

**WHEREAS**, on or about November 27, 2019, the Debtor entered into a lease agreement with Callowhill (as amended, the "Lease Agreement") for the real property and improvements located at 1201-1215 Callowhill Street, Philadelphia, PA 19123 (the "Property");

**WHEREAS**, in connection with the Lease Agreement, Callowhill invested significant money and other resources in the Property in order to commence construction to meet the specific requirements of the Debtor; and

**WHEREAS**, on November 27, 2019, pursuant to the Lease Agreement, the Debtor caused Washington International Insurance Company ("Surety") to issue a bond (the "Lease Bond") payable only to Callowhill, in an amount up to Eight Hundred Thousand Dollars

{00034941v1 }

($800,000.00), as a security deposit to insure the Debtor's performance of each and every obligation under the Lease Agreement; and

WHEREAS, the Lease Bond provides that all suits or other actions under the Bond shall be brought within thirty (30) days of the termination of the Lease Agreement, or the Bond, whichever shall occur first; and

WHEREAS, on January 15, 2021, Debtor filed a voluntary petition for relief (the "Petition") under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"); and

WHEREAS, the Debtor has defaulted under the Lease Agreement including, *inter alia*, by filing the Petition; and

WHEREAS, effective as of March 18, 2021, Surety issued to Callowhill a Notice of Cancellation of the Bond, thus triggering Callowhill's requirement that any suit or other action to collect under the Bond be initiated within 30 days of the effective date of cancellation thereof; and

WHEREAS, the filing of the Petition also triggered the automatic stay under section 362 of the Bankruptcy Code, potentially staying Callowhill's ability to initiate a claim on the Lease Bond; and

WHEREAS, as of the Petition Date, the Lease Agreement had not been terminated; and

WHEREAS, on or about January 26, 2021, the Trustee was appointed as successor trustee to the original appointee, by the Office of the United States Trustee; and

WHEREAS, because of the short time period (30 days) within which its claim on the Lease Bond had to be initiated against the Surety (and the Debtor) to preserve its rights to collect under the Lease Bond, Callowhill has attempted to resolve this matter on an expeditious basis

and obtain relief from the stay with the consent of the Trustee, in order to meet its deadlines under the Lease Bond; and

**WHEREAS**, counsel to Callowhill immediately contacted counsel to the Trustee to ascertain the Trustee's willingness to consent to such relief; and

**WHEREAS**, the Trustee is now willing to consent to a modification of the automatic stay to permit Callowhill to proceed to collect on the Lease Bond; and

**WHEREAS**, counsel to Callowhill has continued its communications with counsel to the Trustee with respect to the Trustee's intentions with respect to the administration of the Lease; and

**WHEREAS**, after a thorough investigation of the Lease Agreement and exercising his sound business judgment, the Trustee has determined that he does not desire to administer the Lease Agreement and is willing to reject the Lease Agreement pursuant to Section 365(d)(1) of the Bankruptcy Code, and as provided in this Stipulation; and

**WHEREAS**, in an effort to avoid the cost and delay associated with a contested motion for relief from the automatic stay and/or to compel the rejection of the Lease Agreement, the Parties hereto have determined that a stipulation granting relief from the automatic stay and providing for the rejection of the Lease Agreement is in the best interests of each of the Parties and of the Debtor's estate; and

**NOW, THEREFORE, AFTER CONDUCTING ALL NECESSARY INVESTIGATION AND DUE DILIGENCE, EACH OF THE PARTIES HERETO, INTENDING TO BE LEGALLY BOUND, HEREBY STIPULATE, AGREE AND REQUEST A COURT ORDER AS FOLLOWS:**

{00034941v1 }                                3

1. <u>Acknowledgment of Interest</u>.  It is acknowledged by the parties hereto that Callowhill, as payee on the Lease Bond, is the only party who can send notice in accordance with and collect on the Lease Bond.

2. <u>Modification of the Automatic Stay</u>.  The Automatic Stay is hereby modified pursuant to section 362(d)(1) of the Bankruptcy Code in order to permit Callowhill to exclusively exercise any and all rights it has to collect on the Lease Bond.

3. <u>Rejection of Lease</u>.  The Lease Agreement is hereby rejected pursuant to Section 365(a) of the Bankruptcy Code.  Upon the entry of the Order approving this Stipulation, Callowhill shall be and is hereby authorized to take immediate possession of the Property.

4. <u>Waiver and Release of the Claims</u>.  Upon entry of the Order of the Bankruptcy Court approving this Stipulation (the "<u>Order</u>"), any claims of Callowhill pursuant to Section 502(b)(6) of the Bankruptcy Code or otherwise could be asserted, as well as any claim for the postpetition retention of the Leasehold premises and lease rejection damages (the "<u>Callowhill Claim</u>") shall be waived.  In exchange for the waiver of the Callowhill Claim, upon the entry of the Order, the Trustee on behalf of the bankruptcy estate of the Debtor, shall waive and release any claim the bankruptcy estate may have against the Surety or the proceeds of the Lease Bond. Except as otherwise set forth herein, effective immediately upon the entry of the Order, Callowhill and the Trustee on behalf of the bankruptcy estate of the Debtor, on behalf of themselves and their past, present and future partners, directors, officers, subsidiaries, affiliates, principals, agents, employees, partnerships, shareholders, members, administrators, representatives, predecessors, joint venturers, independent contractors, successors, assigns, insurers, and attorneys, do hereby mutually, fully, absolutely, and irrevocably release, remise, acquit and forever discharge one another and their respective predecessors, subsidiaries and

affiliates, and his current and former managers, members, directors, officers, employees, independent contractors, attorneys, agents, sole proprietorships, representatives, successors and assigns, and all guarantors, partners, servants, contractors, professionals, administrators, trustees, owners, beneficiaries, assigns and heirs of any of them, in any capacity whatsoever, from any and all manner of actions, causes of action, suits, debts, accounts, contracts, agreements, controversies, judgments, damages, claims, liabilities, security interests and demands of any nature whatsoever, whether known or unknown, contingent or matured, direct or indirect, in law or in equity, asserted or which might have been asserted, which the Debtor ever had, now has or hereafter shall or may have against one another for, upon or by reason of any act, transaction, practice, conduct, matter, cause or thing of any kind whatsoever that arose or occurred on or prior to the date of this Stipulated Order, whether or not now known.

5.      <u>Application of Federal Rule of Bankruptcy Procedure 4001</u>.  The fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived.

6.      <u>No Waiver</u>.  Except as otherwise set forth herein, nothing contained in this Stipulated Order shall constitute or operate as a waiver or modification of any of (i) the rights of Callowhill relating to the collection of any portion of its claim arising from the Lease Agreement against the Surety and/or any guarantors of the Debtor's obligations under the Lease Agreement; (ii) the rights of Callowhill to bring an action in any court of appropriate jurisdiction against the Surety and/or the Debtor relating to any claim under the Lease Bond, provided, however, that any judgment entered in such action shall be collectible by Callowhill only from the Surety and the proceeds of the Lease Bond, and not from the Trustee or the Debtor's bankruptcy estate or (iii) the rights of the Trustee relating to the pursuit of, collection or liquidation of assets of the Debtor's bankruptcy estate.

7. <u>No Reliance</u>.  Each of the Parties hereto represents, warrants and agrees that in executing and entering into this Stipulated Order, such Party is not relying and has not relied upon any representation, promise or statement made by anyone which is not specifically recited, contained or embodied in this Stipulated Order and/or the Order for Relief.

8. <u>Non-Assignment of Claims</u>.  The Parties hereto each represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or cause of action relating to any matter covered herein.

9. <u>Binding Effect</u>.  This Stipulated Order shall be binding and effective if the Debtor converts this case to another chapter under the U.S. Bankruptcy Code and is further binding upon and inures to the benefit of the Parties hereto and their heirs, executors, administrators, predecessors, trustees, successors and assigns.

10. <u>Authorization</u>.  The Parties hereto represent and warrant that each of them is authorized and of full capacity to make, execute and deliver this Stipulated Order.

11. <u>Integration and Modification</u>.  This Stipulated Order constitutes and is intended to constitute the entire agreement of the Parties concerning the obligations which are the subject matter hereof.  No covenants, agreements, representations or warranties of any kind whatsoever have been made by any Party hereto, except as specifically set forth herein.  All prior discussions and negotiations with respect to the releases which are the subject matter hereof are superseded by this Stipulated Order.  No subsequent alteration, amendment, change, modification or addition to this Stipulated Order shall be binding unless reduced to writing and signed by the Parties hereto.

12. <u>No Admission</u>.  Except as specifically set forth herein, this Stipulated Order is not intended to be and shall not be deemed, construed or treated in any respect as an admission of liability by any person or entity for any purpose.

13. <u>Construction</u>.  The terms and provisions of this Stipulated Order shall be construed in accordance with their plain meaning, without regard for any canons or principles of construction requiring interpretation against the Party responsible for the preparation of same, or for any other inconsistent or contradictory canons or principles of construction.

14. <u>Counterparts; Electronic Signatures</u>.  This Stipulated Order may be executed in one or more counterparts, each of which shall be deemed an original for all purposes, and all of which taken together shall constitute one and the same instrument.  The delivery of an electronic signature by any Party hereto shall have same legally binding effect as the delivery of an original signature.

15. <u>Notices</u>:  Notices under this Stipulated Order shall be given to the Parties at the following addresses (or such other address as a Party may designate in writing), by next day mail or registered mail, return receipt requested, and shall be effective upon mailing:

If to Callowhill:         FLASTER GREENBERG, PC
                          Attn: Harry J. Giacometti, Esquire
                          1835 Market Street, Suite 1050
                          Philadelphia, PA 19103
                          and
                          1201 CALLOWHILL ASSOCIATES, LP
                          Attn: Richard Zeghibe
                          2215 Walnut Street
                          Philadelphia, PA 19103

If to the Trustee:        LAMONICA HERBST & MANISCALCO, LLP
                          Attn: Gary F. Herbst, Esquire
                          3305 Jerusalem Avenue
                          Wantagh, NY  11793

16. <u>Headings</u>.  The headings set forth in this Stipulated Order are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

17. <u>Further Assurances</u>.  From time to time after the date hereof, each Party will execute and deliver such instruments and documents and do such further acts as may be reasonably requested by the other Party in order to carry out the purpose of this Stipulated Order.

18. <u>Order of Court</u>.  The Parties respectfully request Bankruptcy Court approval of this Stipulated Order as an order of this Court and the entry of the proposed form of Order for Relief.

| FLASTER GREENBERG, PC | LAMONICA HERBST & MANISCALCO, LLP |
|---|---|
| By: /s/ *Harry J. Giacometti*<br>    Harry J. Giacometti, Esquire<br>    1835 Market Street, Suite 1050<br>    Philadelphia, PA 19103<br>    Tel: 215-587-5680<br>    Harry.giacometti@flastergreenberg.com<br>    *Counsel to 1201 Callowhill Associates, LP* | By: /s/ *Gary F. Herbst*<br>    Gary F. Herbst, Esquire<br>    3305 Jerusalem Avenue<br>    Wantagh, NY  11793<br>    516-826-6500<br>    gfh@lhmlawfirmlcom<br>    *Counsel to Salvatore LaMonica in his capacity as Chapter 7 Trustee of the bankruptcy estate of Medici 1150 N. American Street LLC* |

**AND NOW**, this _____ day of April, 2021, this Stipulated Order is hereby approved and entered as an Order by the Bankruptcy Court.

_____
THE HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE